KIRA M. RUBEL [CALIF. STATE BAR NO. 253970]
**LAW OFFICES OF KIRA M. RUBEL**
krubel@kmrlawfirm.com
555 West Beech Street, Suite 230
San Diego, California 92101
Telephone: (800) 836-6531

*Attorney for Representative Plaintiff*
STEVEN WATERBURY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WATERBURY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SMITHLUM and FRIEND, INC., dba POWERSTAR HOME ENERGY SOLUTIONS, INC., a California Company;<br><br>Defendant. | CASE NO. **'15CV2207 BAS BLM**<br><br>CLASS ACTION<br><br>Complaint for Damages and Injunctive Relief Pursuant To The Telephone Consumer Protection Act, 47 U.S.C § 227<br><br>**Jury Trial Demanded** |

## Introduction

1. This is a class action against Defendant SMITHLUM and FRIEND, INC., dba POWERSTAR HOME ENERGY SOLUTIONS, INC. ("Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") with respect to Defendant's illegal, nationwide telemarketing campaign. Specifically, between August and September, 2015, Plaintiff STEVEN WATERBURY ("Plaintiff") received no less than 11 telemarketing calls on his residential telephone from Defendant in its effort to sell him energy saving windows,

despite the fact that Plaintiff's number has been on the National Do-Not-Call registry since 2003. Internet research reveals there are many other individuals who have received similar unlawful calls from Defendant.[1]

2. Plaintiff brings this class action lawsuit for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant, including attorneys' fees.

3. Plaintiff alleges as follows upon personal knowledge as to himself, his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his counsel.

### Parties, Jurisdiction and Venue

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California who resides in San Diego, California.

5. Defendant is a company which sells energy efficient home improvement products such as windows, vinyl siding, and heating/air products. Plaintiff is informed and believed, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation founded under the laws of the State of California, whose primary corporate office is located at 3156 E. La Palma Avenue, Unit C Anaheim, California 92806. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California, in the County of San Diego, and within this judicial district. Defendant attempts to sell its services to thousands of residents of California and telemarkets to these citizens by, among other methods, making calls to phones in violation of the TCPA.

6. Jurisdiction is proper under 28 U.S.C. § 1331 as the case involves a cause of action for violations of the TCPA, a federal law of the United States, which grants this Court with federal question jurisdiction.

---

[1] See http://800notes.com/Phone.aspx/1-858-461-7956, last visited on September 30, 2015.

7. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. On information and belief, in addition to the calls made to Plaintiff, Defendant has also made the same or similar calls complained of by Plaintiff to others within this judicial district.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C. § 227

8. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[2] in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. 47 U.S.C. §227(c)(5) provides that any person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may bring a private action based on a violation of the TCPA, as promulgated in the Code of Federal Regulations. Together, these Code sections were established to protect telephone subscribers' privacy rights and help them to avoid receiving unwanted telephone solicitations.[3]

10. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "No person or entity shall initiate any telephone solicitation" to " . . . (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

11. 47 C.F.R. § 64.1200 (e), provides that § 64.1200 (c) and (d) are applicable to any person or entity making telephone solicitations or telemarketing

---

[2] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[3] 47 U.S.C. § 227(b)(1)(A)(iii).

calls to telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991'.

    12.    47 C.F.R. § 64.1200(d) further provides that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards":

(1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such Request.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

13. Defendant violated § 64.1200 (c) by initiating telephone solicitations to Plaintiff's residential telephone line, even though he was registered on the National Do-Not-Call Registry, a listing of persons who do not wish to receive telephone solicitations which is maintained by the federal government.

14. Plaintiff also *specifically* requested not to receive calls from Defendant, as set forth in § 64.1200 (d)(3) and requested a copy of Defendant's do-not-call policy, as set forth in § 64.1200 (d)(1). His requests were denied and ignored.

15. Defendant and/or its agents made more than one unsolicited telephone call to Plaintiff within a 12-month period without his prior express consent and, in fact, made 11 such calls. Plaintiff never provided any form of consent to receive telephone calls of this nature from Defendant, let alone prior express consent.

16. Defendant violated § 64.1200 (d) by initiating calls for telemarketing purposes to Plaintiff's residential telephone without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

17. Defendant also violated § 64.1200 (d) by spoofing its name which appeared on Plaintiff's caller ID.

18. On information and belief, Plaintiff alleges that Defendant telemarkets to countless individuals in California and other states to market its business. On information and belief and research by counsel, Plaintiff believes that Defendant makes these telemarketing calls without regard to whether the call recipients have put their number on the National Do-Not-Call registry and/or whether they've given prior express consent to receive such calls, in violation of § 64.1200 (c).

19. On information and belief, Plaintiff alleges that Defendant does not maintain an internal do-not-call list, as required by § 64.1200 (d). Plaintiff also avers that Defendant systematically hides its true identity on all of its outgoing telemarketing calls by spoofing its name and number, also in violation of § 64.1200 (d).

20. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one telephone call within a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff suffered actual damages and, under section 47 U.S.C. § 227(c), is entitled to receive at least $500 in damages for each such violation of § 64.1200.

21. Plaintiff also alleges that Defendant's misconduct was willful and knowing. From the very first phone call, Plaintiff firmly stated that Defendant should stop the telemarketing calls, and to place him on Defendant's internal do-not-call list. He repeated these statements to Defendant on every answered call. Moreover, Plaintiff has been on the National Do-Not-Call registry since 2003. However, despite Plaintiff's clear warning, Defendant continued to make the illegal calls to Plaintiff. Under §227(c)(5), the Court can and should treble the damages for each of the 67 violations of §64.1200.

///

///

///

CLASS ACTION COMPLAINT
CASE NO.:_____

**Factual Allegations**

22. At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

23. Defendant, at all times mentioned herein, was an entity that meets the definition of "person," as defined by 47 U.S.C. § 153 (39).

24. Starting in August and continuing through September of 2015, Defendant or Defendant's agent began calling Plaintiff on his residential telephone number in an attempt to solicit Plaintiff in connection with Defendant's home energy window business.

25. Plaintiff answered the very first call, on August 22, 2015, and was greeted by a person named "Amy" who asked for Mr. Waterbury by name and began to tell him about the energy saving windows that her company sold. Plaintiff feigned interest so that he could learn the name of the company, which was Powerstar Home Energy Solutions, and obtained the name of the website for the company, and the phone number, which was 949-537-7840. Plaintiff also learned that "Amy's" name was actually "Hamiko". Plaintiff requested that he be placed on the company's internal do-not-call list, and to not call back.

26. Again on August 22, 2015, at 3:07 pm, Plaintiff received another call from Defendant, who again asked for him by name. "Peggy" stated that she was a supervisor for Defendant and she stated that she wanted to inform Plaintiff about a financing program they were offering through www.ghip.org. Plaintiff stated that he wished to receive no further calls.

27. Plaintiff received multiple additional calls over the subsequent weeks and, on September 17, 2015, he once again answered. "Paulette" asked for Plaintiff by name and proceeded to give Mr. Waterbury a sales pitch for Powerestar's energy efficient windows. Plaintiff requested that he be placed on Defendant's do not call list *again* and requested a copy of their "do not call" policy. "Paulette" stated that

7

she did not know what a "do not call" policy was and continued with her sales pitch. Plaintiff also requested a number at which he could call back to reach "Paulette" but she informed him that if she gave out their true number, she could be fired.

28. In total, Plaintiff has received 11 illegal telemarketing calls.

29. Plaintiff has never had any business relationship with Defendant but believes that it obtained his phone number from its sister company, Direct Home Energy Services, which has also been telemarketing to Plaintiff. Plaintiff has no business relationship with either company and has repeatedly requested that each stop calling him. Regardless, he has been called many, many times in violation of the TCPA.

30. Plaintiff never, during any of these phone calls, gave consent to receive continued telemarketing calls from Defendant.

31. Defendant never obtained Plaintiff's prior express consent to receive telemarketing calls of this nature. Notwithstanding the fact that Plaintiff did not provide Defendant with his telephone number at any time, Defendant, or its agents, have called Plaintiff on his residential telephone for the purposes of telemarketing, even though Plaintiff's phone number has been on the national do-not-call registry since 2003.

32. Defendant made more than one telemarketing call to Plaintiff within a 12-month period, in violation of §227(c)(5).

33. Defendant has not implemented reasonable practices or procedures to prevent telephone solicitations in violation of the TCPA, pursuant to §227(c)(5).

34. Defendant provided a spoofed caller ID during its illegal telemarketing calls, failed to provide Plaintiff with its "do not call" policy, failed and refused to place Plaintiff on its internal do-not-call list, and continued to make unsolicited telemarketing calls to Plaintiff, all in violation of §64.1200(d).

///

///

**Class Action Allegations**

35. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

36. Plaintiff represents, and is a member of, the Class, which is defined as follows:

> *All persons within the United States who received more than one unsolicited telemarketing call in a 12-month period from Defendant Smithlum and Friend, Inc. dba Powerstar Home Energy Solutions, or its agents, to his or her residential telephone, who did not provide prior express consent or prior express written consent, and/or was on the National do-not-call registry, within the four years prior to the filing of the Complaint in this action.*

37. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

38. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds or thousands.  Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

39. Plaintiff and his fellow members of the Class were harmed by the acts of Defendant in, but not limited to, the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members by calling their residential telephones more than one time in a 12-month period, to telemarket its goods or services and invading the privacy of Plaintiff and the Class members. Plaintiff and the Class members were damaged as a result.

40. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to

expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

41. The joinder of all Class members is impracticable and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the court. The disposition of the claims in a Class Action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified through Defendant's or its agents' records.

42. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions that may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant and/or its agents made more than one telemarketing call to a Class Member with his or her prior express consent and in violation of the TCPA;

    b. Whether Defendant can meet its burden of showing it obtained prior express written consent to make such calls;

    c. Whether Defendant maintains an internal do-not-call list;

    d. Whether Defendant maintains a do-not-call policy;

    e. Whether Defendant's conduct was knowing and/or willful;

    f. Whether Defendant is liable for damages, and the extent of statutory damages for such violation; AND

    g. Whether Defendant should be enjoined from engaging in such conduct in the future.

43. As a person that received numerous calls in violation of the national do-not-call registry in a 12-month period, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

44. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law would be allowed to proceed without remedy and Defendant would undoubtedly continue such illegal conduct. Because of the size of the individual Class members' claims, few Class members could afford to seek legal redress for the wrongs complained of herein.

45. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

46. A Class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for a violation of this statute is minimal. Management of these claims as a class action is likely to present significantly fewer difficulties than those presented in many individual claims. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## First Cause Of Action
## Negligent Violations Of The Telephone Consumer Protection Act
(47 U.S.C. § 227)

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, and specifically, 47 U.S.C. § 227(c)(5), as further defined at C.F.R. § 64.1200(d).

11

49. As a result of Defendant's negligent violations of § 64.1200(d), Plaintiff and the class is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

50. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

51. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## Second Cause Of Action
## Knowing and/or Willful Violations Of The Telephone Consumer Protection Act
(47 U.S.C. § 227 *Et Seq.*)

52. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

53. The foregoing acts and omissions of Defendant constitute numerous and multiple willful violations of the TCPA, and specifically, 47 U.S.C. §227(c)(5), as further defined at C.F.R. § 64.1200(d).  At all times, Defendant knew that it was telemarketing to Plaintiff and the Class members without regard to whether the call recipients' numbers were on the National Do-Not-Call registry, and in spite of requests to be removed from the telemarketing list, as evidenced by Defendant providing a spoofed name on the caller ID in order to mask its illegal conduct.

54. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c)(5), Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation.

55. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future pursuant 47 U.S.C. §227(b)(3)(A).

56. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

///

///

**CLASS ACTION COMPLAINT**
**CASE NO.:**_____

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

### First Cause of Action for Negligent Violation of the TCPA

1. As a result of Defendant's negligent violations of 47 U.S.C. § 227(c)(5), Plaintiff seeks $500.00 (five-hundred dollars) in statutory damages, for each and every violation against him and every Class member;
2. Injunctive relief prohibiting such conduct in the future;
3. An award of attorneys' fees and costs paid from the common fund provided for the Class;
4. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyer and law firm representing Plaintiff as counsel for the Class; and
5. Any other relief the Court may deem just and proper.

### Second Cause of Action for Knowing and/or Willful Violation of the TCPA

1. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(c)(5), Plaintiff seeks treble damages, as provided by statute, of $1,500.00 (one-thousand-five-hundred dollars) for each and every violation against him and every Class member;
2. Injunctive relief prohibiting such conduct in the future;
3. An award of attorneys' fees and costs paid from the common fund provided for the Class;
4. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper

representative of the Class, and appointing the lawyer and law firm representing Plaintiff as counsel for the Class; and

5. Any other relief the Court may deem just and proper.

## Trial By Jury Demanded

Pursuant to the Seventh Amendment of the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date: October 2, 2015          **LAW OFFICES OF KIRA M. RUBEL**

_____/s/ Kira M. Rubel_____
By: Kira M. Rubel, Esq.
*Attorney for Representative Plaintiff Steven Waterbury*